IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

      Plaintiff,                     No. 11 MC 0037 MCE GGH PS

      vs.

ALAN S. FUKUSHIMA, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a bankruptcy action before the Ninth Circuit's Bankruptcy Appellate Panel. The BAP referred this matter to this district court for the limited purpose of ruling on plaintiff's request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, finding that it had "no authority to grant in forma pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy courts are not 'court[s] of the United States' as defined in 28 U.S.C. § 451." Section 451 refers to Chapter 5 (organization of district courts); Chapter 6 grants subject matter jurisdiction to the bankruptcy court and provides that such court is part of the district court.

        28 U.S.C. § 151 (emphasis added) provides that:

> [i]n each judicial district, the bankruptcy judges in regular active service shall constitute *a unit of the district court* to be known as the bankruptcy court for that district. Each bankruptcy judge, *as a*

1

*judicial officer of the district court*, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding ....

Thus, bankruptcy courts are not courts separate and apart from district courts, but rather, the "bankruptcy court" is simply a unit of the larger district court. Within their subject matter jurisdiction, 28 U.S.C. § 157, bankruptcy judges have authority to grant in forma pauperis status as would any other judge of the district court. 28 U.S.C. § 1915 (authorizing "any court of the United States" to authorize IFP applications. It appears that this matter was erroneously transferred to the undersigned rather than the bankruptcy judge who presided in this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This matter is transferred to the Bankruptcy Court for the Eastern District of California under case number 10-50583.

2. The Clerk of the Court is directed to close this miscellaneous case.

DATED: April 28, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Stephen0037.3c.wpd